UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

EBONY WASHINGTON,

*Plaintiff*,

– against –

SAMANTHA MCMILLAN, et al.,

*Defendants*.

**ORDER**
26-cv-06684 (NCM)(SDE)

**NATASHA C. MERLE**, United States District Judge:

On October 23, 2026, plaintiff Ebony Washington, proceeding pro se, commenced this action. *See* Compl., ECF No. 1. Plaintiff did not pay the requisite filing fees but did apply to proceed *in forma pauperis* ("IFP"). IFP Appl., ECF No. 2. For the reasons discussed below, plaintiff's application is denied without prejudice to renew.

Under 28 U.S.C. § 1914, the filing fee to commence a civil action is $350 plus an administrative fee of $55, for a total of $405. Under 28 U.S.C. § 1915, the Court may waive the filing fees upon finding a plaintiff indigent. The IFP statute is "intended for the benefit of those too poor to pay or give security for costs." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948).[1] The statute is designed to ensure that indigent persons have equal access to the judicial system. *Davis v. N.Y.C. Dep't of Educ.*, No. 10-cv-03812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010). A plaintiff seeking to proceed IFP must submit an affidavit stating "that the person is unable to pay" filing fees "or give security

[1] Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

therefor" and must also include "a statement of all assets" the person possesses. 28 U.S.C. § 1915(a)(1). The Supreme Court has stated that a litigant makes a "sufficient" showing of inability to pay when her application demonstrates that she "cannot because of [her] poverty pay or give security for the costs and still be able to provide [herself and her] dependents with the necessities of life." *Adkins*, 335 U.S. at 339.

In this case, plaintiff's financial declaration does not establish poverty. On the IFP application, plaintiff indicates that she has $0 income and no cash or money in a checking or savings account. IFP Appl. at 1–2.[2] Plaintiff responds only "N/A" with respect to the questions regarding owning any property of value and having any debts or financial obligations. IFP Appl. at 2. Plaintiff does not indicate any housing, transportation, utilities, loan payments, or any other monthly expenses. IFP Appl. at 2. She indicates that she has two dependents but does not make any financial contributions to them. IFP Appl. at 2.

The Court finds that plaintiff's application is insufficient to establish an entitlement to proceed IFP. The Court cannot conclude that plaintiff is indigent within the meaning of 28 U.S.C. § 1915. *See, e.g.*, *Bey v. Raso*, No. 24-cv-03528, 2024 WL 3252569, at *1 (E.D.N.Y. July 1, 2024). "Because no one can live on no income and no assets, affidavits asserting that the plaintiff has no income and no assets without further explanation must be incomplete and, by extension, fail to support *in forma pauperis* status." *Jones v. ACS/Queens Field Office*, No. 23-cv-05742, 2024 WL 2818138, at *1 (E.D.N.Y. June 3, 2024). When an applicant fails to explain how she supports herself, therefore, "courts generally regard [her] application as incomplete and insufficient to

---

[2] All page references use ECF pagination except where noted.

establish an entitlement to *in forma pauperis* status." *Id.*

Further, if plaintiff relies on another person for support, she must explain that in her IFP application. See *id.* This is because "[o]ne potential explanation, which a court may consider when assessing an application to proceed *in forma pauperis*, is that the applicant has access to resources from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend." *Id.*

Plaintiff's application to proceed IFP, ECF No. 2, is thus denied without prejudice to renew. If plaintiff wishes to proceed with this action, plaintiff must, within 14 days of the date of this Order, either (1) pay the requisite filing fees to the Clerk of Court of the United States District Court for the Eastern District of New York; or (2) submit a complete Long Form IFP application that demonstrates indigency. If plaintiff fails to do so within the time allowed, this action shall be dismissed without prejudice.

To the extent plaintiff requires assistance preparing the Long Form IFP application, she is encouraged to contact the Pro Se Office at the United States Courthouse by calling (718) 613-2665. Plaintiff may also contact the Federal Pro Se Legal Assistance Project of the City Bar Justice Center at (212) 382-4729 for free, confidential, limited-scope legal assistance. The Court notes that the Federal Pro Se Legal Assistance Project is not part of, or affiliated with, the United States District Court. Plaintiff is further advised of pro se litigation resources available on the Court's website, including relevant forms and information, at https://www.nyed.uscourts.gov/representing-yourself.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies IFP status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this Order to plaintiff, along with a Long Form IFP application, and to note the mailing on the docket.

**SO ORDERED.**

*/s/ Natasha C. Merle*
NATASHA C. MERLE
United States District Judge

Dated: November 4, 2026
Brooklyn, New York